**Linda H. BLANTON et al., on Behalf of themselves and all others similarly situated, and Communications Workers of America, AFL-CIO, Annette K. Lovett, Audrey Leonhardt, Jennie Lee Barger, Helen Bridges, Lola Tessner, Betty Peeler, Gilda Spangler, Martha W. Street and Mrs. Ray Cornwell**

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.**

**Civ. A. No. 13032.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 27, 1970.

Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., Charles V. Koons, Kane & Koons, Washington, D. C., for plaintiffs.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This is a suit under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a), brought by a number of individual female employees of Defendant Southern Bell and by the union as exclusive bargaining agent of the employees in which it is alleged that certain wage schedules contained in Southern Bell's collective bargaining agreement with their exclusive bargaining agent, Plaintiff Communications Workers of America, AFL–CIO, discriminate against them because of their sex in violation of Title VII of the Act. The named individual plaintiffs seek damages for themselves and declaratory and injunctive relief for a class consisting of themselves and all other similarly situated non-supervisory female employees of Southern Bell.

The complaint alleges that each of the named individual plaintiffs filed sworn written complaints of a continuing violation of the Civil Rights Act with the Equal Employment Opportunity Commission on October 17, 1966, and on August 8, 1969, the Commission mailed to each of them a notice that conciliation efforts had failed and that they had 30 days within which to bring a civil action in the United States District Court. No charge of discrimination has been filed against the union, and the union is in fact named as a party plaintiff.

On October 16, 1969, Defendant Southern Bell filed its answer to the complaint and included therein a counterclaim against the union in which it is claimed that the challenged collective bargaining agreements were negotiated in free and open bargaining sessions between representatives of the defendant and plaintiff union, and that if its provisions or any of them are illegally discriminatory then the plaintiff union has equal responsibility with defendant for such discrimination and that defendant is entitled to contribution from the union with respect to the amount of recovery allowed.

Plaintiffs have moved to dismiss the counterclaim for lack of jurisdiction because it does not appear on the face of the counterclaim that any charge against the union has ever been filed with the EEOC by any of the named plaintiffs. Therefore, plaintiffs contend, 42 U.S.C. § 2000e–5(e) precludes the granting of any relief against the union.

The court notes, however, that while 42 U.S.C. § 2000e–5(e) is applicable as to any charge that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, it does not by its terms apply to a situation such as the present one where the employer claims that the union is liable because it participated in the agreement which led up to the allegedly unlawful practices. The claim which Southern Bell is making against the union appears to be in the nature of a claim against a joint tortfeasor rather than a claim under the Civil Rights Act. Although the court knows of no case in which such a claim has been asserted by way of counterclaim,[1] it is clear that if the union had not entered this suit as a party plaintiff it could have been impleaded by Defendant Southern Bell, while if it had been named as a party defendant by the plaintiff employees a cross-claim could then have been filed against it. The court does not believe that the federal rules' objective of eliminating piecemeal litigation can be frustrated simply by naming the union as a party plaintiff. We therefore decline to adopt such a strict interpretation of Rule 13.

[1]. A strict interpretation of Rule 13 suggests that a claim for contribution or indemnity cannot be made as a compulsory counterclaim since the claim would not arise until after judgment had been rendered against, and paid by, the defendant. And in order for it to be brought as a permissive counterclaim independent grounds of jurisdiction should exist.

Although the court has serious doubts as to whether Southern Bell can ultimately prove a right to contribution, if indeed Southern Bell itself is found to be liable, it appears that at least in some situations an employer would have a right to indemnity or contribution from the union which represents its employees [Bowe v. Colgate-Palmolive Co., 272 F. Supp. 332, 358 (S.D.Ind.1967)] and the court is not prepared to conclude at this stage of the proceedings that Southern Bell's claim is utterly frivolous.[2]

Accordingly, plaintiffs' motion to dismiss the counterclaim is denied.

2. The court also has serious doubts as to the propriety of the union's being a party plaintiff when the acts complained of were pursuant to an agreement which the union negotiated on behalf of the employees.